United States v. Shenghur

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

Present: JOHN M. WALKER, JR.,
CHESTER J. STRAUB,
ROSEMARY S. POOLER,
*Circuit Judges*.

——————————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 10-5176-cr

SAYED NOORALISHAH SHENGHUR, AKA AGHA JAN,

*Defendant-Appellant*.

——————————————————————————

For Appellant:          Randall D. Unger, Bayside, N.Y.

For Appellee:          Amie N. Ely, Niketh Velamoor & Jennifer G. Rodgers, Assistant United States Attorneys (of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Sayed Nooralishah Shenghur appeals from his conviction following a jury trial in district court. We assume the parties' familiarity with the underlying facts of the case and the issues raised on appeal.

"We uphold a district court's finding of competence [to stand trial] unless that finding is clearly erroneous." *United States v. Gigante*, 166 F.3d 75, 83-84 (2d Cir. 1999). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

In light of the opinion regarding Shenghur's competence provided by the government's expert witness, we are unable to conclude that the district court's determination that Shenghur was competent to stand trial was clearly erroneous.

Furthermore, we decline to rule on Shenghur's claim that he received ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *see also id.* at 505 ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.").

While we have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice," *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted), "this court has expressed a baseline aversion to resolving ineffectiveness claims on direct review," *id.* at 99 (internal quotation marks omitted).

Here, we see no reason to deprive the district court of the opportunity to assess the merits of Shenghur's ineffective assistance claim in the first instance, if such a claim were to be brought on collateral attack under 28 U.S.C. § 2255. *See Massaro*, 538 U.S. at 506 (noting that a trial "judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial").

Accordingly, the judgment of the district court is AFFIRMED, and Shenghur's claim of ineffective assistance is DISMISSED without prejudice to his raising such a claim in a motion under Section 2255.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2